MARTHA B. TRAVERS, APPELLANT, v. W. ALBERT BURDGE AND WILLIAM L. RUSSELL, PARTNERS, TRADING AS BURDGE & RUSSELL, RESPONDENTS.

Submitted November 7, 1924—Decided January 19, 1925.

On appeal from the Supreme Court.

This action was tried before Rulif V. Lawrence, judge of the Court of Common Pleas of the county of Monmouth, sitting in the Circuit Court of said county by written request of the Supreme Court justice, presiding over said Circuit Court, without a jury, by consent of the parties, and is decided on the law and the facts.

The following facts are found:

1. The defendants are warehousemen, doing business at Red Bank, in the county of Monmouth, and on October 5th, 1921, received of plaintiff, for storage, the list of household goods and chattels set forth in the schedule attached to the complaint, giving therefor a warehouse receipt which, by its terms, was not negotiable.

2. On or about December 28th, 1921, in pursuance of a written request or demand, defendants delivered the greater part of the goods and chattels to Brooklyn Furniture Company, by virtue of two certain chattel mortgages made by plaintiff to the latter company, bearing date September 26th, 1919, and April 22d, 1920, respectively. It was admitted during the trial of the action that the goods and chattels so delivered were covered by the chattel mortgages in question, and that payments due thereon were in default at the time of such delivery.

3. After such delivery, and on or about October 15th, 1923, plaintiff demanded possession of the goods and chattels originally placed in storage, which demand was refused by defendants for the reason that a part thereof had been surrendered to the Brooklyn Furniture Company under its chattel mortgages as above set forth, and storage charges had not

been paid or tendered for the remainder of the goods still in possession of defendants together with the receipt. Plaintiff refused to pay the storage charges until all of the goods and chattels in question, including those surrendered to the Brooklyn Furniture Company, were delivered to her.

4. Plaintiff's action sounds in trover and conversion to recover the value of the goods and chattels.

5. It is admitted that the chattel mortgages given the Brooklyn Furniture Company by plaintiff were duly executed by her. They contain the usual provision that in the event of default in the stipulated payments, the company should have the right to retake the goods and chattels covered thereby and sell the same; the authority so given to extend to any place they might be found.

There were no intervening creditors, lienors, mortgagees or purchasers other than the Brooklyn Furniture Company.

6. No formal process was sued out by the Brooklyn Furniture Company for retaking the goods and chattels from defendants, the authority for such action resting on the provisions of the chattel mortgages in question, and plaintiff's default in payment thereof

### RULINGS.

1. The motion made at the close of the trial for the direction of a verdict of no cause of action in favor of the defendants must be granted.

2. *Wheeler & Wilson Manufacturing Co.* v. *Brookfield*, 70 *N. J. L.* 703, does not apply, for the reason that the action there was based on *Pamph. L.* 1881, *p.* 100, and the construction of that act; while pending suit is controlled by *Pamph. L.* 1907, *p.* 341, § 9, which is as follows:

"A warehouseman is justified in delivering the goods, subject to the provisions of the three following sections, to one who is—

"(a) The person lawfully entitled to the possession of the goods, or his agent;

"(b) A person who is either himself entitled to delivery by the terms of a non-negotiable receipt issued for the goods,

or who has written authority from the person so entitled, either endorsed upon the receipt or written upon another paper; or * * *."

Since the receipt here in evidence was non-negotiable, and the succeeding sections referred to relate to negotiable receipts, the latter division of the section does not apply to the present issue.

3. Plaintiff's failure to surrender the receipt and pay the storage charges on the balance of the goods in possession of defendants, justified the latter in refusing such delivery.

#### RULE FOR JUDGMENT.

Judgment of no cause of action may be entered in favor of defendants and against plaintiff, with costs.

For the appellant, *Reilly, Quinn & Parsons.*

For the respondents, *Howard S. Higginson.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons given by Lawrence, Common Pleas judge, sitting in the Circuit Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 15.

*For reversal*—None.